IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LETICIA ROBERTS and CALVIN SAYERS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TONY THOMPSON, in his official capacity as Black Hawk County Sheriff; and BLACK HAWK COUNTY,<br><br>Defendants. | CASE NO. 6:24-cv-02024<br><br>**DEFENDANTS' RESISTANCE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADINGS** |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................2

ARGUMENT .........................................................................................................................3

I. Plaintiffs' Undue Delay Warrants Denial of Their Motion for Leave to Amend.................................................................................................................3

II. Plaintiffs' Attempt to Relitigate the Court's Decision Fails at This Stage.....................................................................................................................5

III. Plaintiffs' Proposed Amendments are Futile and Their Motion Should Be Denied .............................................................................................6

    A. Plaintiffs' Proposed Amendments Do Not Include "New" Factual Allegations ..............................................................................8

    B. Plaintiffs' Proposed Amendments Do Not Add or Include Factual Allegations Sufficient to Establish Plaintiffs' Standing .................................................................................................12

    C. Plaintiffs' Proposed Amendments that are Mere Grammer and Style Changes...................................................................................16

CONCLUSION....................................................................................................................17

COME NOW Defendants Tony Thompson, in his official capacity as Black Hawk County Sheriff, and Black Hawk County (collectively "Defendants"), by and through their undersigned counsel, and for their Resistance to Plaintiffs' Motion for Leave to Amend Pleadings hereby state as follows:

**INTRODUCTION**

Plaintiff Leticia Roberts ("Roberts") initiated this action on May 13, 2024, against Defendants. [Doc. 1]. On June 7, 2024, Plaintiffs filed the operative complaint, the First Amended Complaint, on behalf Roberts and Calvin Sayers ("Sayers"), as well as a class of similarly situated individuals. [Doc. 9]. On July 12, 2024, Plaintiffs moved for a preliminary injunction. [Doc. 11]. Thereafter on July 16, 2024, Defendants moved to dismiss the First Amended Complaint. [Doc. 12]. The Court heard oral argument on both motions on September 20, 2024. [Doc. 28].

On November 1, 2024, the Court granted Defendants' motion to dismiss the First Amended Complaint and denied Plaintiffs' motion for preliminary injunction as moot. [Doc. 34]. The Order concluded that Plaintiffs did not have standing to pursue their claims, specifically finding that Plaintiffs had not shown the Defendants' use of confessions of judgment was the source of their injuries and that there was no redressability because even if Plaintiffs ultimately prevailed on their arguments that Defendants had collected the fees improperly, nothing would change. *Id*. The Court entered a final judgment in favor of Defendants. [Doc. 35]. Thereafter, on November 29, 2024, Plaintiffs filed their Motion for Leave to Amend the Pleadings. [Doc. 37]. Plaintiffs' Motion for Leave to Amend the Pleadings should be denied for the reasons briefed below.

# ARGUMENT

## I. Plaintiffs' Undue Delay Warrants Denial of Their Motion for Leave to Amend.

All circuits acknowledge that post-judgment leave to amend may be granted if timely requested. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). Prior to trial, a plaintiff may typically move to amend its pleadings pursuant to Federal Rule of Civil Procedure 15(a)[1], in which case "[t]he court should freely give leave [to amend] when justice so requires." F.R.C.P. 15(a)(2). However, "Rule 15 does not provide for a post-judgment amendment as a matter of right." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015). "Interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Hypoguard* 559 F.3d at 823.

Rather than relying on Rule 15(a), a plaintiff may only move to amend a complaint post-judgment in conjunction with either a motion to alter or amend judgment pursuant to Rule 59(e) or a motion for relief from a final judgment pursuant to Rule 60(b). In such circumstances, district courts in the Eighth Circuit "have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *Ash*, 699 F.3d at 962 (citations omitted). It is well established that pre-judgment requests for leave to amend are preferred (*Id.* at n.3 (citation omitted)) and, specifically as to motions under Rule 60(b), the moving party must show "'exceptional circumstances' warranting 'extraordinary relief.'" *U.S. v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (cert. denied, 484 U.S. 836 (1987)).

---

[1] Rule 16 applies if the motion to amend is filed after a deadline to amend pleadings established by a district court's scheduling order.

District courts may deny a post-judgment motion for leave to amend on the basis of "undue delay" in filing the motion, "even when doing so will necessarily prevent resolution on the merits." *Ash*, 799 F.3d at 963 (citations omitted). In the context of a post-judgment motion to amend, "unexcused delay" alone is "sufficient to justify the court's denial … particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 8.4 (8th Cir. 2013) (quoting *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)); *see also Mask of Ka-Nefer-Nefer*, 752 F.3d at 743–44 (8th Cir. 2014) (quoting *Horras* and *Moses.com*, *supra*). A plaintiff is put on notice that an amendment may be required when the defendant files a Motion to Dismiss. *Ash*, 799 F.3d at 963 ("The defendants' motion to dismiss, filed 47 days before the district court dismissed the case, put [the plaintiffs] on notice of the possible deficiencies in their original complaint."). "At that point, the decision whether to request leave to amend or stand on the complaint is an ordinary tactical decision that is commonly required of litigants. Such decisions are not always easy to make, but we see no reason to conclude that this relatively common circumstance is somehow fundamentally unfair to plaintiffs." *Id.* at n.3.

Plaintiffs' Motion for Leave to Amend should be denied due to undue delay. Under Eighth Circuit precedent, Plaintiffs were put on notice that their Complaint may be deficient when Defendants filed their Motion to Dismiss on July 16, 2024 — three and a half months before the Court dismissed the case.[2] Once Defendants filed their Motion to Dismiss, Plaintiffs had the option "to request leave to amend or stand on the complaint" as it was written. *Id.* They chose the latter;

---

[2] As a point of comparison, the Court dismissed Plaintiffs' claims 108 days after Defendants filed their Motion to Dismiss. In *Ash*, the period between the defendants filing a motion to dismiss and the Court's dismissal was only 47 days, and the Eighth Circuit considered this sufficient time for the plaintiffs to take notice of and act on the deficiencies in their complaint. *Ash*, 799 F.3d at 963.

Plaintiffs chose to "'stand or fall' on [their] untested legal theory" instead of seeking to amend before dismissal, and they should be bound by this decision. *Mask of Ka-Nefer-Nefer*, 752 F.3d at 744.

Presumably to circumvent their notice issue, Plaintiffs include the superficial argument that "[t]he Court based its standing analysis on causation and redressability, neither of which were briefed by the parties." [Doc. 37-3, p. 6.] This is inaccurate. While the Court framed its analysis in terms of causation and redressability, the Court's analysis is also consistently grounded in the arguments Defendants made in support of their Motion to Dismiss. Put more simply, the differences in the Court's framing and Defendants' framing is one of semantics. Defendants referred to their arguments in terms of injury-in-fact whereas the Court viewed them in terms of causation and redressability, but the substance of this analysis is the same. Plaintiffs were on notice as to the substance of Defendants' arguments and could have moved to amend their Complaint to address them. They did not do so until after Court dismissed their Complaint, constituting undue delay under Eighth Circuit precedent. For these reasons alone, Plaintiff's Motion should be denied.

II. **Plaintiffs' Attempt to Relitigate the Court's Decision Fails at This Stage.**

In support of their Motion for Leave to Amend, Plaintiffs argue at length that the Court's Order dismissing their claims "erred in determining that Plaintiffs do not have standing." In fact, large portions of Plaintiffs' Brief can be fairly characterized as a relitigation of Defendants' Motion to Dismiss, despite its framing as a Motion for Leave to Amend.[3] However, post-judgment motions for leave to amend are not the proper place to reargue settled decisions. As the Eighth Circuit has stated, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*

---
[3] *See, e.g.,* Doc. 37-3, at p. 10 (stating the Court's "holding is not consistent with Eighth Circuit precedent") and pp. 14 and 16 (each stating the Court "did not address" some of Plaintiffs' arguments in its Order)

*v. Baker*, 554 U.S. 471, n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995) (footnotes omitted)). Rather, a Rule 59(e) motion may only address old arguments where necessary to show the Court's Order contains "manifest errors of law and fact" — a standard Plaintiffs have not attempted to argue. *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

Similarly, "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." *Mask of Ka-Nefer-Nefer*, 752 F3d at 743 (citations omitted). For example, the Eighth Circuit has recognized that the normal standards for granting Rule 60(b)(1) relief "seem ill-suited" to determining when a plaintiff whose complaint has been dismissed "should be permitted, post-judgment, to try again." *Id*. (quoting *Hypoguard*, 559 F.3d at 823.) To the extent Plaintiffs believe the Court's Order dismissing their claims was in error, they have the ability to challenge it through the normal appeal process. A motion for leave to amend is not a substitute for a direct appeal, and accordingly Plaintiffs' attempts to reargue their resistance to Defendants' Motion to Dismiss should be rejected.

### III. Plaintiffs' Proposed Amendments are Futile and Their Motion Should Be Denied.

Plaintiffs' Motion for Leave to Amend proposes 65 amendments, or as Plaintiffs refer to them, "clarifications," to their First Amended Complaint. The Motion should be denied because of the futility of these proposed changes. For ease in the Court's analysis and review, Defendants have categorized Plaintiffs' amendments into three (3) groups:

(1) Plaintiffs' proposed amendments to substantive factual allegations/ information which are not new to the Court;

(2) Plaintiffs' proposed amendments to substantive factual allegations/ information which are new to this Court, but which do not establish standing; and

(3) Plaintiffs' proposed amendments to non-substantive factual allegations/ information.

The amendments in all three of these categories are futile as the proposed information is already in the record (*see* Doc. 37, ¶¶ 3, 7, 8, 14, 27, 38, 41, 49, 51, 52, 55, 59, 60, 62, 68, 69, 134-36, 185), the proposed information fails to establish the causation and redressability portions of standing (*see* Doc. 37, ¶¶ 14, 39, 50, 112, 114, 133, 140-42, 158-72), and the proposed information includes grammatical and stylistic changes, rather than substantive changes (*see* Doc. 37, ¶¶ 11, 12, 15, 16, 25, 26, 53, 57, 61, 79, 128, 129, 137, 138, 144, 153, 156, 174-76, 178).

The denial of a motion for leave to amend based on futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010); *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). A proffered amendment may be futile where the proposed amendment is deficient as a matter of law or contrary to a determination that the court has already made. *Baldwin v. Estherville, Iowa*, 333 F. Supp. 3d 817, 828 (N.D. Iowa 2018); *Mississippi River Revival, Inc. v. City of Minneapolis, Minn.*, 319 F.3d 1013, 1018 (8th Cir. 2003). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Under the plausibility standard, there must be more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* A plaintiff need not provide

"detailed factual allegations," under Rule 8, but it must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A court is not required to permit an amendment that fails to cure a defect previously pointed out to the moving party or an amendment that would be futile. *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742 (8th Cir. 1986).

### A. Plaintiffs' Proposed Amendments Do Not Include "New" Factual Allegations.

Twenty of Plaintiffs' proposed amendments include information or additions that are not novel to this Court and do not change the outcome of the Court's original order of dismissal. The amendments to the 20 paragraphs are either (1) recitations of factual allegations previously provided to this Court in Plaintiffs' First Amended Complaint, (2) factual allegations that were presented to the Court at the September 20, 2024 Pre-Answer Motion to Dismiss and Motion for Preliminary Injunction hearing (hereinafter "the Hearing"), or (3) factual allegations presented to the Court in Plaintiffs' filings that precipitated the Hearing. In other words, the Court has already considered nearly identical factual allegations as those in the 20 amended paragraphs, accepted them as true, and determined that the facts and allegations were insufficient to state a plausible claim. As such, the repetition of these facts, addressed below, is futile.

Plaintiffs' proposed amendments to paragraphs 3, 55, 59, and 60 in the Second Amended Complaint include clarifications regarding Plaintiffs' opportunity to be heard or to challenge their jail fees and what "defenses" Plaintiffs could allege if they were able to challenge said fees. These facts were already alleged in the First Amended Complaint on multiple occasions. (*See* ¶¶ 15, 16, 125, 139, 142, 152, 160, 175).

Amended paragraphs 40 and 41 center on Plaintiffs' procedural criticisms of Iowa Code § 356.7, stating that "after the seizure, Defendants provide no process for individuals whose money

they seize….” Paragraph 41 specifically recites new authority in support of Plaintiffs' existing contention that Defendants lack the ability to collect room and board payments. As mentioned above, not only is Plaintiffs' attempt to relitigate a fact already in the record improper, as a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (*see Exxon Shipping Co. v. Baker*, 554 U.S. 471, n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995)), but Plaintiffs previously included these allegations in their First Amended Complaint (*see* ¶¶ 35, 130) and also addressed these arguments before the Court at the Hearing. Specifically, Plaintiffs' counsel argued the following:

> MOORE: But there's already been the deprivation when the $25 booking fee is seized or when there's additional payments that are demanded by the defendants.
>
> THE COURT: But work with me here on—
>
> MOORE: Sure.
>
> THE COURT: -- making sure I understand your argument. I get with your – with Mr. Sayers, the seizure of his money. In fact, he signed off on that on the confession of judgment – directly linked to the confession of judgment to the seizure of property in which he has a personal interest right?
>
> MOORE: Right.
>
> THE COURT: Property interest, right? But how is the signing of a confession of judgment in which you've signed something in which you say, I agree to pay $25 – No money has been taken at this point.
>
> MOORE: Right.
>
> THE COURT: So there's no property interest; right? Nothing's been seized. The government has seized nothing from this person. They have a debt that your client's not questioning. I owe this money to the government. I have a debt.
>
> MOORE: Sure.

[Doc. 36, p.16].

Paragraphs 68, 69, and 185 seek to include amendments relating to the "voluntary, intelligent, and knowing" standard for waiver of civil due process under *Overmyer* and *Swarb* and that Plaintiffs' argument that the confessions of judgment are contracts of adhesion. Plaintiffs previously included these allegations in their First Amended Complaint (*see* ¶¶ 56-57) and addressed these arguments thoroughly before the Court at the Hearing. Specifically, Plaintiffs' counsel argued the following:

> MOORE: And *Overmyer* and *Swarb* say that specifically. And they say that where there is a waiver of due process, courts must assess whether the waiver is voluntary, intelligent, and knowing. And the way the courts in *Overmyer* and *Swarb* made that determination was by looking at those factors that we've talked about: the contracts of adhesion, the bargaining power disparity, and the absence of consideration.

[Doc. 36, p. 19].

Similarly, the proposed amendments to paragraphs 38, 134, 135, and 136, include facts related to information reflected on the confession of judgment form and deputies visiting Ms. Roberts at her house and paragraphs 14, 49, 51, and 52, include facts related to the alleged "tactics" Defendants use to collect jail fees, including phone calls, collection letters, and service of Final Unpaid Jail Fees notice. Not only were these factual allegations included in Plaintiffs' First Amended Complaint (*see* ¶¶ 14, 32, 35, 115-117, 121-123) but these allegations were thoroughly, and pointedly, discussed at the Pre-Answer Motion to Dismiss hearing. Specifically, Plaintiffs' counsel acknowledged that these facts do not make for a due process violation.

> MOORE: So then what the defendant do in order to compel those payments is they make phone calls and they say, Hey, you owe us this money. You signed this thing. Pay up.
>
> THE COURT: Are they saying that, though? Are they saying, you signed this thing – are they relying upon the confession of judgment or are they simply saying, you owe us money because you stayed in our jail and pay up?

> MOORE: To be fair, Your Honor, that, I don't know. I don't know that for certain. So I'm not meaning to make a factual recitation about that. Just that there are phone calls. And we see that there's discussions.
>
> THE COURT: Do you see why I think that there's an important distinction there, though? Because there's - - I'm not hearing that the plaintiffs are challenging the constitutionality of the ability of the jail to charge them.
>
> MOORE: That's right, Your Honor.
>
> THE COURT: They're not charging that they may actually owe this debt. They're not alleging that the County can't attempt to collect the debt. They're not alleging that there's something unconstitutional about calling them up and harassing them about the debt. There's no allegation its unconstitutional to send deputies to knock on their door saying, You owe this debt. So to the extent that your lawsuit is hinged upon this confession of judgment, for you to have a cause of action against the County on this, you have to show a linkage between the confession of judgment and the unconstitutional conduct you allege are occurring. And it strikes me that can only occur if they walked into court and then a court of law says, here's a confession of judgment. The plaintiffs have no ability to challenge this now because I've got this confession of judgment in hand.
>
> [. . .]
>
> So in my mind, it makes a difference. And I didn't see in any of the facts that its alleged or shown that they're using the confession of judgment in the informal way of trying to coerce payment here. And that's why I asked the pointed question there.
>
> MOORE: No, no, no. I understand that, Your Honor.

[Doc. 36, pp. 9-12].

Thus, not only are the proposed amendments in paragraphs 14, 38, 49, 51, and 52 repetitious in nature, they are not sufficient to state a claim for relief, as admittedly, the assertions do not rise to the level to establish a due process violation. The proposed amendments to paragraphs 27 and 41 are also futile as they do not include factual allegations to form the basis of Plaintiffs' claim. Rather, paragraph 27 adds a citation to Iowa Code Chapter 356.7 and paragraph 41 adds information from a secondary source – a publication from the office of the Ombudsman.

These paragraphs include mere legal conclusions, which are insufficient to state a claim. *Nunes v. Lizza*, 486 F. Supp. 3d 1267 (N.D. Iowa 2020).

Finally, paragraphs 7, 8, and 136 include factual allegations that were not only included in Plaintiffs' First Amended Complaint (*see* ¶¶ 11, 121, 122, 123, 133) but were also alleged in Plaintiffs' Declarations in Support of their Motion for Preliminary Injunction (*see* Roberts' Declaration, ¶¶ 22-24; *see* Sayers' Declaration, ¶¶ 10-11). These facts were previously considered by the Court and determined to be insufficient to state a claim.

Based on the foregoing, the proposed amendments to paragraphs 3, 7, 8, 14, 27, 38, 40, 41, 49, 51, 52, 55, 59, 60, 68, 69, 134, 135, 136, and 185 are futile as they include factual allegations that were previously in the record and considered by the Court. As such, Plaintiffs' Motion for Leave to Amend should be denied.

### B. Plaintiffs' Proposed Amendments Do Not Add or Include Factual Allegations Sufficient to Establish Plaintiffs' Standing.

A plaintiff must have standing to invoke a federal court's jurisdiction. *Gen. Motors LLC v. KAR Auto Grp. of Decorah, Inc.*, 2022 WL 1715216 at *3 (N.D. Iowa Mar. 11, 2022) (citing *Sazone v. Mercy Health*, 954 F.3d 1031, 1046 (8th Cir. 2020)). Plaintiffs have the burden of proving the three elements of standing: (1) an injury in fact; (2) "a causal connection between the injury and the conduct complained of;" and (3) "it must be likely… that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Murthy v. Missouri*, 603 U.S. 43, 58 (2024) ("Where, as here, the parties have taken discovery, the plaintiff cannot rest on 'mere allegations,' but must instead point to factual evidence." (quoting *Lujan*, 504 U.S. at 561)). Because the parties in this case have taken discovery, Plaintiffs have the burden of proving their standing with evidence, not conjecture. *Murthy*, 603 U.S. at 58.

Plaintiffs' proposed amendments to paragraphs 14, 39, 50, 112, 114, 133, 140-142, 158-172 of the Complaint are futile as they do not cure their deficiencies in proving the causation and redressability elements of standing. *See* Doc. 34, p. 12.

As the Court noted in its Order regarding causation:

> For plaintiffs to have standing then, the fees they paid to defendants must be fairly traceable to defendants' use of confessions of judgment. And as defendants argue, plaintiffs do not allege that they would have paid less in fees if defendants collected the fees in a different way. Plaintiffs do not claim that they do not owe the fees or that they should not owe the fees. Thus, plaintiffs would owe the fees no matter if defendants used the confessions of judgment or not. Thus, defendants' use of confessions of judgment – the conduct the plaintiffs challenge – was not the source of plaintiffs' alleged injuries, and therefore the injuries cannot be said to be "fairly traceable to the challenged conduct" of defendants.

As to redressability, the Court stated:

> If plaintiffs ultimately prevail on their argument that defendants have collected the fees improperly, nothing would change. Plaintiffs do not allege that they do not owe the fees, and plaintiffs do not allege any fundamental issue with the fees themselves. So, it is unclear to the Court what damages plaintiffs have suffered here, even if they prove that defendants' collection method is improper.

The Court's Order goes on to state:

> Here, defendants have not initiated a reimbursement claim against either named plaintiff—or, at least, plaintiffs have not alleged such. Plaintiffs also have not alleged facts showing that defendants otherwise used the confessions of judgment as a means of collecting jail fees from plaintiffs. Thus, the only request for relief which has any application to plaintiffs is the request for a declaration that the confessions of judgment are unlawful, unconstitutional, and unenforceable. If the Court ultimately granted this request and filed an order declaring that the confessions of judgment are unlawful, unconstitutional, and unenforceable, it would not redress plaintiffs' alleged injuries.

[Doc. 34, pp. 10, 12].

Plaintiffs' proposed amendments in their Second Amended Complaint do not cure these fatal issues and should not change the Court's causation and redressability conclusions. In

attempting to amend their Complaint, the Plaintiffs appear to be trying to bolster their allegations to establish a connection between their injury and the defendants' conduct. However, they fail to do so effectively. There is no assertion in any of their amended paragraphs, that directly links Defendants' actions to Plaintiffs' alleged injuries.

Importantly, Plaintiffs still do not dispute that the jail fees are actually owed, and did not attempt to make any amendments disputing this fact. Plaintiffs' proposed Second Amended Complaint also does not allege the jail fees assessed to Plaintiffs are incorrect, excessive, wrongly assessed, or otherwise unlawful. Even if Plaintiffs succeeded on their claims as set forth in their proposed Second Amended Complaint, they would still owe the exact same amounts to Defendants and Defendants would be entitled to collect those amounts through other, nearly identical means. Plaintiffs admitted as much during the hearing on Defendants' Motion to Dismiss, where they conceded Defendants could engage in all the same collection procedures by presenting inmates with invoices instead of confessions of judgment.

> THE COURT: Yeah. I understand that. So your position is that the only way that the County can collect this is - - They can't send an invoice, they can't knock on the door, they can't file a small claims court action. They can only do this by filing a claim in court.
>
> MOORE: Well, Your Honor, I think that there's actually a big difference in some of what you just said. I think an invoice, that, I think we'd have to concede they could do.

[Doc. 36, p. 44].

The Court correctly determined Plaintiffs' objection to confessions of judgment is one of semantics, not substance, and nothing in Plaintiffs' proposed Second Amended Complaint changes this.

Second, Plaintiffs still do not claim Defendants actually used confessions of judgment against them to any legal effect. It is axiomatic that confessions of judgment are legally ineffectual

14
Case 6:24-cv-02024-CJW-MAR    Document 38    Filed 12/12/24    Page 14 of 19

unless and until they are filed; or, as the Court succinctly noted during the hearing on Defendants' Motion to Dismiss, "having a piece of paper that says I confessed something is a piece of paper." [Doc. 36, p. 6:11-18]. Plaintiffs have not alleged Defendants ever filed confessions of judgment — or any other legal proceeding — against them, including in their proposed Second Amended Complaint. Plaintiffs have not alleged Defendants filed confessions of judgment against Plaintiffs, filed reimbursement claims against Plaintiffs, or garnished Plaintiffs' accounts or streams of income.[4] Therefore, a judgment preventing Defendants from using confessions of judgment would not change Plaintiffs' circumstances.

Plaintiffs attempt to circumvent this in their proposed Second Amended Complaint by claiming "Defendants sent a deputy sheriff to visit Ms. Roberts's home" who "showed her the confession of judgment she had signed," to try to demonstrate Defendants somehow used a confession of judgment to compel payment from Ms. Roberts without actually filing it.[5] This argument fails for three reasons. First, Plaintiffs already made this argument at the hearing on Defendants' Motion to Dismiss, and the Court rejected it by ruling in favor of Defendants. Second, this new allegation is directly countered by Ms. Roberts' own testimony — she stated in her Declaration in Support of Plaintiffs' Motion for Preliminary Injunction that the deputy who visited her home "handed me a piece of paper. **I do not remember what the paper said**." [Doc. 11-13, ¶ 22] (emphasis added). Plaintiffs cannot retract this sworn testimony merely by amending their Complaint. Third, Plaintiffs' proposed Second Amended Complaint does not actually tie

---

[4] On this last note regarding garnishment, Plaintiffs allege a hearing on Plaintiffs' jail fees is necessary to prevent Defendants from improperly garnishing sources of income that are immune from garnishment under the Iowa Code. Plaintiffs' legal conclusion is incorrect; garnishment proceedings contain their own process for determining what income can or cannot be garnished. *See, e.g.,* Iowa Code §§ 642.15 (allowing the underlying defendant to show the garnishee is exempt from execution), 642.21 (listing amounts from net earnings exempted from garnishment), and 642.24 (prioritizing support payments).

[5] Plaintiffs make no similar allegations with regard to Mr. Sayers.

Ms. Roberts' confession of judgment to her payment of jail fees. Plaintiffs specifically allege "Ms. Roberts began making payments **because she was fearful about the prospect of further interaction with law enforcement**" — not because she signed a confession of judgment. [Doc. 37-2, ¶ 136] (emphasis added). Thus, preventing Defendants from using confessions of judgment would not change Ms. Roberts' circumstances. Plaintiffs cannot demonstrate a ruling in their favor will redress the harms they allege in their Second Amended Complaint and therefore it is futile as a matter of law. The proposed amendments do not provide the necessary evidence to support the causation and redressability elements of the Plaintiffs' standing. As such, these amendments are insufficient to cure the deficiencies in their claims, and the dismissal of their claims remains warranted.

        **C.**       **Plaintiffs' Proposed Amendments that are Mere Grammer and Style Changes.**

Plaintiffs seek to make non-substantive amendments to 21 paragraphs, which are mere alterations to the grammar or style of the sentence structure, rather than the substance of the factual allegations. *See* Doc. 37-1, ¶¶ 11, 12, 15, 16, 25, 26, 53, 57, 61, 79, 128, 129, 137, 138, 144, 153, 156, 174-76, 178. None of the proposed amendments to these paragraphs provide information that cures the deficiencies in establishing Plaintiffs' standing under 12(b)(6).

For example, Plaintiffs' proposed amendment to paragraph 11 deletes the word "young" and replaces it with "adult." Paragraph 16 changes the sentence from "a reimbursement claim" to "one of these special reimbursement claims." Paragraph 25 changes the sentence from "…but it also gives rise to a host of Due Process Clause violations" to "…but it also gives rise to a violation of the procedural protections under the Due Process Clause of the Fourteenth Amendment." Paragraphs 53, 128, 129, and 138, simply omit the phrase "upon information and belief" from the beginning of the paragraph—no substantive change occurred. Similarly, the only amendment to

paragraph 57 is the removal of the word "wages" from the last sentence of the paragraph. Finally, paragraph 61 alters the language of the sentence from "collect jail fees" to "initiate reimbursement claims."

The grammatical and stylistic edits to paragraphs 11, 12, 15, 16, 25, 26, 53, 57, 61, 79, 128, 129, 137, 138, 144, 153, 156, 174-76, and 178 do not change the substantive nature of the paragraphs. These amendments do not provide new factual allegations or information and do nothing to assert a cause of action that can survive under Rule 12(b)(6). Because these are futile and do not cure Plaintiffs' lack of standing, the Court must deny their Motion for Leave to Amend the Pleadings.

## **CONCLUSION**

Plaintiffs' proposed Second Amended Complaint amounts to a retread of the claims and arguments they already made before this Court, which the Court rejected in its Order dismissing the lawsuit. Their Motion for Leave to Amend is late and seeks largely non-substantive amendments. The proposed Second Amended Complaint fails to cure the legal issues that resulted in the First Amended Complaint's dismissal, and it is futile as a matter of law. For these reasons and those stated above, Defendants Tony Thompson and Black Hawk County respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend the Pleadings, and for any further relief that the Court deems appropriate.

WHEREFORE, Defendants respectfully move the Court to deny Plaintiffs' motion to amend, and for any other relief the Court believes equitable and just.

*/s/ Michael C. Richards*
Michael C. Richards AT0010828

*/s/ Katie E. Gral*
Katie E. Gral AT0013357

*/s/ Logan Kraus*
Logan S. Kraus AT0010828
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: mike.richards@dentons.com
Email: katie.gral@dentons.com
Email: logan.kraus@dentons.com

ATTORNEYS FOR DEFENDANTS TONY THOMPSON AND BLACK HAWK COUNTY, IOWA

Copies to:

Rita Bettis Austen
Thomas Story
Shefali Aurora
ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Suite 808
Des Moines, IA 50309-2317
Email: rita.bettis@aclu-ia.org
Email: thomas.story@aclu-ia.org
Email: shefali.aurora@aclu-ia.org

Thomas P. Frerichs
Frerichs Law Office, P.C.
106 E. 4th Street, P.O. Box 328
Waterloo, IA 50704-0328
Email: tfrerichs@frerichslaw.com

Brandon R. Underwood
Kelcy Whitaker
Michael D. Currie
Sarah Golwitzer
Fredrikson & Byron P.A.
111 East Grand Ave., Suite 301
Des Moines, IA 50309-1884
Email: bunderwood@fredlaw.com
Email: kwhitaker@fredlaw.com
Email: mcurrie@fredlaw.com
Email: sgolwitzer@fredlaw.com

ATTORNEYS FOR PLAINTIFF

Charles Moore
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
Email: cmoore@publicjustice.net
(Admitted *Pro Hac Vice*)

Leslie A. Bailey
Public Justice
475 14th Street, Suite 610
Oakland, California 94612
Email: lbailey@publicjustice.net
(Admitted *Pro Hac Vice*)

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings on **December 12, 2024,** by:

__ U.S. Mail           __ FAX
__ Hand Delivered      __ Overnight Courier
__ Federal Express     X  Other: CM-ECF/EDMS

Signature: /s/ Michael C. Richards